**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHA'REEF SHEARD,<br><br>           Petitioner,<br><br>     v.<br><br>GEORGE A. NEOTTI, Warden,<br><br>           Respondent. | NO. CV 11-04095 JAK (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation ("R&R"), and Petitioner's Objections (the "Objections"). After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. However, the Court addresses below the factual contentions and arguments raised in the Objections.

In the Objections, Petitioner argues that he is entitled to equitable tolling from October 6, 2008 until February 17, 2009, while he

was placed in administrative segregation, and that this tolling would render his Petition timely. (Objections at 4). Petitioner also contends that he is entitled to equitable tolling from August 28, 2009 until September 18, 2009 and from March 5, 2010 until March 12, 2010, because of prison transfers. (Id. at 5-6). As set forth in the R&R, however, Petitioner's placement in administrative segregation and his prison transfers do not constitute extraordinary circumstances sufficient to justify equitable tolling. (R&R at 11); see, e.g., Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (holding that "[o]rdinary prison limitations" such as administrative segregation do not constitute extraordinary circumstances because "concluding otherwise would permit the exception to swallow the rule").

In addition, although Petitioner argues that he diligently pursued his rights, (Objections at 3-4), Petitioner completely failed to address the over eight month period of delay after the California Supreme Court denied his final state habeas petition and before he constructively filed the instant Petition in this Court (September 1, 2010 through May 3, 2011). (Id. at 1-7). Petitioner has not alleged any impediment to filing during this period and has failed to explain his delay. (Id.). Accordingly, Petitioner has failed to establish diligence. (R&R at 9-10); see, e.g., Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("[The petitioner] has also failed to show that he has been diligently pursuing his rights. . . . Indeed, he fails to make any specific allegation what he did to pursue his claims . . . ." (internal quotation marks, brackets, and citation omitted)).

\\

\\

1      Finally, Petitioner has not shown that his administrative
2 segregation or prison transfers actually prevented his timely filing of
3 the instant Petition. (R&R at 10-13); see, e.g., Chaffer, 592 F.3d at
4 1049 ("[The petitioner] alleges that his pro se status, a prison library
5 that was missing a handful of reporter volumes, and reliance on helpers
6 who were transferred or too busy to attend to his petitions justified
7 the delay; however, these circumstances are hardly extraordinary given
8 the vicissitudes of prison life, and there is no indication in the
9 record that they made it 'impossible' for him to file on time.");
10 Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) ("[E]ven
11 if [the petitioner] may have faced some difficulty developing his claims
12 without constant possession of all of his records, he has not adequately
13 explained why he filed 340 days after his AEDPA deadline. If diligent,
14 [the petitioner] could have prepared a basic form habeas petition and
15 filed it to satisfy the AEDPA deadline . . . .").

17      Thus, the Court concludes that Petitioner is not entitled to
18 equitable tolling for three independent reasons: (1) he has not
19 demonstrated that he diligently pursued his rights; (2) he has not
20 established the existence of an extraordinary circumstance; and (3) even
21 assuming the existence of an extraordinary circumstance, he has not
22 demonstrated that it actually prevented his timely filing of the instant
23 Petition.
24 \\
25 \\
26 \\
27 \\
28 \\

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current address of record.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 13, 2011

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE